(No. 5633—Claimant 

LESLIE LEE STEEN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 26, 1973.*

BEERMANN, WWERDLOVE & WOLOSHIN, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; EDWARD L. S. ARKEMA, JR., Assistant Attorney General, for Respondent.

BURKS, J.

In an opinion filed October 10, 1972, this court found that the State was liable for certain personal injuries sustained by the claimant and granted an award for claimant's damages in the amount of $13,333.63. [Oral argument had been heard by the full court on September 22, 1972.]

On October 11, 1973, pursuant to claimant's petition for a rehearing on the question of damages only, further oral argument was heard by the full court. Claimant was personally present and displayed the scars on his head and abdomen which the court had referred to in its prior opinion.

Claimant was represented by able counsel who ar-

gued that the award made in our prior opinion did not adequately compensate the claimant for his injuries. Claimant conceded that the court had correctly stated claimant's pecuniary loss for medical expenses and loss of earnings to be $2,418.63. It does not appear from the further evidence submitted that the court had overlooked or misapprehended the severity of claimant's injuries from which he has obviously made a good recovery.

The main thrust of new argument submitted by claimant at the rehearing was that, if this matter could have been tried before a jury in the Circuit Court, in all likelihood the jury would have awarded a higher sum than this court granted. Claimant cited examples of jury verdicts in similar cases which would tend to substantiate this hypothesis.

We do not believe that the legislature intended this court, in granting awards, to be guided by any speculation as to the amount a jury might award in a similar case, if the State were suable in the Circuit Court.

The State of Illinois has been one of the leaders in abandoning its sovereign immunity and assuming liability for wrongs suffered by its citizens at the hands of the State, its agents or employees.

In creating this specialized court in which the State consents to be sued, the legislature has sought to do everything reasonably possible in establishing fair and equitable procedures in the settlement of claims against the State and, at the same time, protecting the public interest against inflated or exhorbitant judgments. This apparently is one of the reasons that trial by jury has never been authorized in the Court of Claims, and why it is not required by the Illinois Constitution of 1970:

"The right of trial by jury *as heretofore enjoyed* shall remain inviolate." [Art. I, §13]

Juries have been known to give greater consideration to the ability of a defendant to pay than to the merits of the case. Damage cases resulting from automobile accidents, when the defendant carries indemnity insurance, often receive this kind of treatment at the hands of juries. Certainly the state government, with its substantial sources of revenue, might well be looked upon by a jury as being able to pay any judgments against it without difficulty.

Some scholars believe that one of the objections to placing the State under the jurisdiction of the Circuit Courts is that juries frequently return verdicts which are unreasonably high. The State, in assuming liability for its wrongs, ought not to be placed at a disadvantage in any resulting litigation.

Procedures in the Illinois Court of Claims closely follow the procedures of the United States Court of Claims including the fact that all cases are assigned to a Commissioner for hearing, and trial by jury is not authorized or permitted.

In carrying out what we perceive to be legislature's intent, this court conscientiously attempts to grant awards in all legitimate claims in an amount we consider to be fair and reasonable. There is no set rule of thumb. It is always a matter of judgment. Although our judgment is based on the combined experience of the members of the court, we acknowledge the fallibility of judges. Hence, we readily grant a rehearing on points we are alleged to have overlooked or misapprehended.

In the case at bar we do not feel that we were guilty of such errors. Nor, for reasons stated above, should we be influenced by the possibility that a jury might have granted the claimant a higher amount in damages.

114

In our opinion of October 10, 1972, claimant received full compensation for his total pecuniary loss plus approximately five times his special damages for medical services and loss of wages. Considering all the circumstances, the court feels that our prior award is fair and reasonable.

We, therefore, reaffirm our opinion filed October 10, 1972, awarding damages to the claimant in the sum of $13,333.63.